NO. 07-88-0235-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 28, 2002

_____

4-COUNTY TRACTOR & EQUIPMENT, INC., ET AL., APPELLANTS

V.

FEDERAL DEPOSIT INSURANCE CORPORATION, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 7108; HONORABLE JOHN T. FORBIS, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, SJ.[1]

In the underlying suit for writ of error,[2] on February 16, 1988, the First State Bank

of Childress (the Bank) obtained a default judgment against appellants 4-County Tractor

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).

[2]This type of proceeding is now denominated as a Restricted Appeal. *See* Tex. R. App. P. 30.

& Equipment, Inc., Larry Womble, Jerry Hester and Ann Hester in the total amount of $196,565.26, with post-judgment interest at the rate of 10% per annum until paid. Appellants' application for writ of error in the trial court was denied and an appeal to this court was duly and timely perfected on October 5, 1988. On October 26, 1988, the Federal Deposit Insurance Corporation (FDIC) was substituted for 4-County Tractor & Equipment Inc. as the real party-in-interest.

Appellants' brief was filed on February 2, 1989. Appellee has filed no brief. On January 3, 1989, appellants filed a "Suggestion of Bankruptcy" notifying this court that appellant Larry Womble had filed for bankruptcy. On April 28, 1992, this court issued its order abating the appeal until the receipt of notice that the bankruptcy stay had been removed.

Nothing further occurred in this court and, on June 13, 2002, under instruction from the court, our clerk notified all attorneys of record requesting information as to the status of the bankruptcy and directing that a reply be made not later than ten days from the date of the written notice. In response to that notice, we received a notification that Larry Womble had been discharged in bankruptcy on February 6, 1994.

However, other than that information about the discharge in bankruptcy, none of the attorneys of record, with the exception of the attorney for the FDIC, were able to give us any information about the status of the case. The notification to the attorney of record for the FDIC was returned with the notation that she had moved and left no forwarding

address.  We have received a June 17, 2002 letter from appellants' attorney of record to another attorney, in which appellants' attorney states that "I simply do not recall facts sufficient to respond to the Court's request."

Thus, no satisfactory response justifying the retention of this case on our docket, we must, and do hereby, dismiss this appeal for want of prosecution.

John T. Boyd
Senior Justice

Do not publish.